UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **HAROLD AMON HOUSTON** | **CIVIL ACTION NO. 23-0958** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **DEPUTY ARNOLD** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Harold Amon Houston, a prisoner at Elayn Hunt Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately July 20, 2023, under 42 U.S.C. § 1983. He names Deputy Arnold as defendant.[1]

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

On August 24, 2023, the undersigned ordered Plaintiff to amend his Complaint, remedy certain deficiencies, and provide specific information. [doc. # 6]. The undersigned cautioned that the Court may dismiss Plaintiff's lawsuit if he failed to comply. *Id.*

On September 6, 2023, the United States Postal Service returned the mailing containing the August 24, 2023 Memorandum Order to the Court, noting, "return to sender, not deliverable

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

as addressed, unable to forward." [doc. # 7].  On approximately September 29, 2023, Plaintiff updated his address, informing the Court that he "was transferred to Elayn Hunt Correctional Center[.]"  [doc. # 8].  On October 3, 2023, the Clerk of Court mailed the August 24, 2023 Memorandum Order to Plaintiff at his updated address.  *See* DOCKET NOTATION (Oct. 3, 2023).

Plaintiff's deadline to comply with the August 24, 2023 Memorandum Order has passed, and to date he has not filed an amended pleading.

Accordingly, **IT IS RECOMMENDED** that Plaintiff Harold Amon Houston's Complaint, [doc. # 1], be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of December, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge